445 So.2d 70 (1984)
Rebecca L. CAMPBELL, et al., Respondents,
v.
CONTINENTAL-EMSCO COMPANY, et al., Scott Insurance Agency, Inc., Relators.
No. 15791-CW.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Writ Denied March 16, 1984.
*71 Lunn, Irion, Switzer, Johnson & Salley by Charles W. Salley, Michael S. Hubley, Shreveport, for relator Scott Ins. Agency, Inc.
Brumfield & Brumfield by William P. Brumfield, H. Alva Brumfield, III, Baton Rouge, for respondents Rebecca L. Campbell, et al.
John Hill, Jr., Lafayette, for defendant Continental-Emsco Co., et al.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
This case arises in connection with the wrongful death and survival action brought by plaintiff as a consequence of her husband's death in an accident on an oil rig. Among the numerous defendants named by plaintiff are Ouachita Machine Works, Inc., Employers Fire and Marine Ins. Co., liability insurer of Ouachita, Scott Insurance Agency, and Scott's errors and omissions insurer. Employers and Scott were added by supplemental and amending petition. Employers denied coverage of the accident based on a policy exclusion and was dismissed as a defendant by the trial court. Scott filed an exception of no cause of action which was overruled by the trial court. This court granted Scott's application for a supervisory writ to consider the correctness of the trial court's ruling on the exception of no cause of action.
In order to determine whether the plaintiff has stated a cause of action against a particular defendant, the factual allegations of the petition must be accepted as true. La.C.C.P. Article 927(4); Ruffin v. Strange, 434 So.2d 1200 (La.App. 1st Cir.1983). The facts of this case as established by plaintiffs' allegations are as follows.
Plaintiffs' decedent was struck and killed by a pop-off relief valve and mud pump which suddenly shot from the landbased oil rig on which he was working. Ouachita Machine Works had installed, made up, welded and/or sweated the pump and relief valve to the rig and its negligence in performing this job was the cause of the accident.
Ouachita had engaged Scott Insurance Agency to procure liability insurance for the business. Scott placed this insurance with Employers which issued a liability policy containing an endorsement excluding coverage for completed operations and products hazards. There is thus no coverage under the policy for Ouachita's negligence in the installation of the relief valve and mud pump which struck and killed plaintiff's decedent.
Plaintiff contends defendant Scott was negligent in securing for Ouachita a liability policy which excluded coverage for completed operations and that she has been damaged by the failure to provide proper coverage. She further claims the right to proceed directly against Scott's errors and omissions insurer under the direct action statute. Thus the issue for our resolution is whether an injured tort victim has a cause of action against the insurance agent of the tortfeasor who injures him for the negligent failure to procure full liability insurance coverage.
*72 It has long been the recognized public policy of this state that a policy of liability insurance is issued for the protection of the general public as well as for the security of the insured. Hughes v. Southeastern Fidelity Insurance Co., 340 So.2d 293 (La.1976); West v. Monroe Bakery, 46 So.2d 122 (La.1950). The Louisiana Civil Code provides in Article 1890 that a person may, in his own name, make some advantage for a third person the condition or consideration of a contract, and the contract cannot be revoked if the third person consents to avail himself of the advantage stipulated in his favor. A liability insurance contract is recognized as a stipulation by the insured in favor of a party injured due to the fault of the insured. Dixon v. Shockley, 356 So.2d 96 (La.App. 1st Cir. 1978), writ ref. 358 So.2d 642 (La.1978).
Plaintiff cites numerous cases concerning agreements containing stipulations in favor of third parties, but none in which the relationships between the parties correlate to the instant situation. Substantial reliance is placed on the case of Sturcke v. Clark, 261 So.2d 717 (La.App. 4th Cir. 1971). In Sturcke, the subrogee of a plaintiff in a tort action was allowed to recover from an insurance agent who had collected a premium for liability as well as collision insurance and had, through clerical error, failed to procure the liability coverage. The court there found the agent undertook an obligation for the benefit of third parties citing La.C.C. Art. 1890 and found plaintiff had a right of action. We are not in accord with the holding in Sturcke and do not feel it is controlling on the issue before us.
Also defendant cites Evans v. Evans, 410 So.2d 729 (La.1982); State of Louisiana ex rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478 (La.1976); Succession of Killingsworth, 292 So.2d 536 (La.1973). Those cases involved contracts securing specific benefits to be conferred upon specific persons or classes of persons in the event of a particular occurrence. The alleged agreement relied upon here was a contract between the Scott agency, as agent and/or broker, and its client, Ouachita, for the purpose of securing general liability insurance to protect the client. While the performance of this contract would ultimately and indirectly be to the benefit of others who received a benefit from the insurance contract itself, such a result is remote from the formation of the agency contract.
Such a contract for services imposed an obligation upon defendant Scott to act as a reasonable and prudent insurance agent in procuring the insurance desired by the client. It exists separate and apart from the contract of insurance procured pursuant to it and is not governed by the same public policy considerations surrounding liability insurance.
Plaintiff contends she was injured as a result of Scott's breach of duty to Ouachita. However, since Scott's duty to use due care in procuring proper insurance for Ouachita is a creation of the agreement between them, it is our view that this duty does not encompass the risk of harm to this plaintiff in the manner alleged in her petition. See Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620 (La.1972). This is an obligation owed directly to the client whose interest in seeking general liability insurance is to protect its business from conceivable financial loss due to claims against it. It does not extend to include a duty to protect the general public from the risk of harm by Ouachita for which there is no coverage and for which Ouachita might be unable to respond in damages.
We note, as an aside, that plaintiff does not allege Ouachita's inability to pay, which must be shown in order to prove the alleged harm. However, an allegation of this nature would not affect the outcome in the instant case. We do not perceive the contractual relationship between defendant and Ouachita as one for the benefit of this plaintiff since it creates no obligation owed by the defendant to the plaintiff. It affects only the parties to that contract and is enforceable by them alone. La.C.C. Articles 1889, 1901.
*73 The errors and omissions insurance policy sued upon here was issued to compensate the agency's clients in the event of a breach of its professional duty to them. Scott's clients, those who might foreseeably be harmed by a breach of that duty, are the third party beneficiaries of that insurance contract. While Ouachita might have a claim under this policy for any damages sustained by it arising from Scott's alleged professional negligence, the plaintiff who is neither a party nor a third party beneficiary has no such claim. La. C.C. Articles 1889, 1901, and 1902.
We therefore find the plaintiff's petition fails to state a cause of action against defendant Scott.
For the reasons assigned, the writ granted is made peremptory and the trial court's ruling herein under review is reversed and the exception of no cause of action filed by defendant Scott Insurance Agency is sustained and plaintiff's demands against it are dismissed with prejudice. Costs of this review are assessed to plaintiff.
REVERSED.