468 So.2d 1254 (1985)
Mike K. GUILLORY and Cynthia Guillory, Plaintiffs-Appellants,
v.
Matthew Mark MOREIN, Merit Insurance Company and Guaranty National Insurance Company, Defendants-Appellees.
No. 84-334.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*1255 Tommy DeJean and Felix A. DeJean, III, Opelousas, for plaintiffs-appellants.
Franklin, Moore & Walsh, David K. Balfour and Charles O'Brien, Opelousas, Robert W. Smith, Baton Rouge, for defendants-appellees.
Before GUIDRY, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
The primary issue on this appeal is whether uninsured motorist coverage and medical benefits were provided under a garage policy issued by Guaranty National Insurance Company. Finding on the present state of the record that a genuine issue of material fact exists concerning whether the questioned coverage was provided, and that summary judgment in favor of the insurer was improper, we remand. A secondary issue is whether, if these benefits were not provided, the claimants have a right of action for damages against Maurice Pitre's insurance agent, Carl Bruser, and his employer, The Louisiana Insurance Center, based on their failure to procure the desired coverage. We affirm the trial *1256 court's conclusion that these claimants have no right of action against these defendants.
The underlying facts are not disputed. On the night of December 18, 1982, Mary Elizabeth West, driver, and Cynthia Guillory and Monica Fontenot, passengers, had a car accident. Their car was owned by Maurice Pitre, d/b/a Maurice Pitre Auto Sales, and it was in Mrs. West's possession by permission of the owner. They sued Guaranty National Insurance Company alleging that it had issued a garage policy to Maurice Pitre, d/b/a Maurice Pitre Auto Sales, which provided uninsured motorist and medical payments coverage on their car. The insurer moved for summary judgment, claiming that an endorsement attached to the policy limited uninsured motorist coverage to two vehicles with dealer plates, and excluded coverage of other automobiles owned by the named insured which did not possess dealer plates at the time of the accident. Finding that this car was not one of the two cars with dealer plates, the trial judge granted the motion for summary judgment. We reverse.
There are six cases arising out of this accident all of which were consolidated for trial. We have chosen the captioned case as the vehicle for our opinion. The same opinion applies to the remaining five cases, entitled: Guillory v. Guaranty National Insurance Company, 468 So.2d 1259, Fontenot v. Morein, 468 So.2d 1260, West v. Morein, 468 So.2d 1260, Fontenot v. Guaranty National Insurance Company, 468 So.2d 1261, and West v. Guaranty National Insurance Company, 468 So.2d 1261. Separate decisions are this day being rendered in these five cases.
An examination of the "Garage Policy" reveals that it is a liability insurance contract wherein the insurer obligates itself to "pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations." The policy states that garage operations includes "the ownership, maintenance or use of the autos indicated in PART II as covered autos." Accordingly, the policy covers liability arising out of the ownership, maintenance, or use of covered automobiles.
The schedule of coverages and covered autos identifies the covered autos by the entry of one or more of the symbols which show which autos are covered. There are 11 covered auto descriptions to which the policy might apply. Ten of these are restrictive: for example, there is one symbol which designates "owned autos only", another that designates "owned private passenger autos only", and eight more designation symbols that identify coverages restricted to the autos described therein. There is one designation symbol, the numeral 21, that describes, simply, "ANY AUTO", without restriction. The symbol entered in this case was 21, which means that coverage extended on the face of the policy to "any auto." No distinction is made between autos that do or do not possess a dealer plate. The policy also provides medical payments insurance and uninsured motorist insurance to covered autos.
There is an endorsement to the policy which is made effective on August 24, 1982, the inception date of the policy, which is entitled "Dealer Plates Insurance." This endorsement provides, in effect, that "[A]ny auto you own while used with plates described in this endorsement is a covered auto for liability and auto medical payments insurance" while the auto is used in the insured's garage business. The plates are described in the endorsement simply as "TBA." We attach a copy of this document hereto as Appendix 1. It is this endorsement which defendant contends limits the uninsured motorist protection afforded by the policy to only those vehicles displaying dealer plates. According to defendant, this initial endorsement allowed uninsured motorist protection for seven (7) vehicles displaying dealer plates, although the endorsement makes no reference to any number. A second endorsement, to that described above, dated November 2, 1982, is attached to the policy and the second *1257 endorsement, according to defendant, was intended to reduce the coverage for uninsured motorist protection from seven dealer plates to two.
The first endorsement makes no reference whatever to uninsured motorist insurance but rather to "liability and auto medical payments insurance", and it is only by reference to the premium charges set forth on the face of the policy and in the endorsement that one might assume that the reference is to uninsured motorist insurance rather than to liability insurance. Although the second endorsement does not make reference to uninsured motorist coverage, the amendment simply stated "2 Dealer Plates apply in lieu of 7 (See amended A148(2) & A793)", and attached thereto is an endorsement identical to the first which describes the dealer plates to be displayed and makes reference to "liability insurance" rather than to uninsured motorist insurance.
It is well settled that insurance policies are to be construed in their ordinary and popular sense, with any ambiguities construed against the insurer which prepared the policy and in favor of coverage. Insurance Co. of North America v. Solari Parking Inc., 370 So.2d 503 (La.1979); Credeur v. Luke, 368 So.2d 1030 (La.1979).
In our view, if these endorsements were issued for the purpose of limiting or qualifying the uninsured motorist protection, which according to the face of the policy admittedly extends to "any auto", they do not unambiguously accomplish that purpose.
In any event, under the provisions of LSA-R.S. 22:1406(D)(1)(a) an insurer is required to issue uninsured motorist coverage in not less than the limits of bodily injury liability provided by the policy. Such coverage is not required where the insured named in the policy rejects the coverage in writing, or selects lower limits. A.I.U. Ins. Co. v. Roberts, 404 So.2d 948 (La.1981). If uninsured motorist coverage had been limited to cover only automobiles with dealer plates, there must be a written rejection by the insured as to uninsured motorist coverage of the other automobiles covered by the liability policy. We find no written rejection by the insured in the record. If for no other reason, the granting of summary judgment was not appropriate on this ground.
The insurer raises the additional argument that the automobile is not covered under the liability policy because it was not being used in garage operations at the time of the accident. We disagree.
The policy specifically states that garage operations include the ownership, maintenance or use of the covered automobiles. This language does not limit the use of covered automobiles to garage business.
The insurer finally argues that Mrs. West is not an insured for medical payments coverage because she is a family member under the policy. She is Maurice Pitre's daughter. The policy excludes medical coverage of a family member injured while occupying a vehicle furnished for a family member's regular use. However, the policy defines "family member" as a relative who is "a resident of your household." Mrs. West's deposition which is part of the summary judgment evidence indicates that she was married and living with her husband at the time of the accident. She was not a resident of her father's household. That being the case, Mrs. West was not a family member under the policy.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir.1983), writ denied 445 So.2d 437 (La.1984).
The motion for summary judgment in favor of Guaranty National Insurance Company should not have been granted.
Although our present holding makes it technically unnecessary to consider the second *1258 issue, the possibility that the insurer may yet prevail on a motion for summary judgment, makes it advisable that we deal with the other issue for purposes of judicial economy.
Plaintiffs (Mrs. West and her two passengers) named an insurance agent, Carl Bruser, and his employer, The Louisiana Insurance Center, as defendants, alleging that the losses they suffered were because of the negligence of those defendants in failing to procure the type of insurance requested by the owner of the car, Maurice Pitre. These defendants filed exceptions of no cause or right of action which were sustained.
The exception of no right of action and the exception of no cause of action have different functions. As stated by our Supreme Court in Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972):
"One of the best statements of the definition of no right of action and of the basis of the distinction between it and no cause of action was given by the late Henry George McMahon: `The former [no cause of action] is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter [no right of action] is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.' McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L. Rev. 17, 29-30. See also McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 529-30." (footnotes omitted)
Although defendants filed both exceptions, we find that the applicable exception in this case was one which attacked the plaintiffs' right of action.
The sustaining of the exception of no right of action was correct. Plaintiffs were not parties to the contract of insurance. The only action arguably available to plaintiffs against these defendants would be in their capacity as third-party beneficiaries to the contract between Pitre and the defendants, requiring these defendants to procure uninsured motorist and medical payments insurance coverage on Pitre's autos. The supreme court has stated that "contracts for the benefit of others, or the stipulation pour autrui, must be in writing and clearly express that intent." Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971). As the pleadings indicate that the contract between Pitre and these defendants for the procuration of uninsured motorist and medical payments coverage was not in writing, plaintiffs cannot count themselves among those persons having a right of action to sue on the insurance contract.
The summary judgment in favor of Guaranty National Insurance Company is reversed and set aside, and the case is remanded to the trial court for further proceedings. Costs of this appeal are to be borne by Guaranty National Insurance Company, with the remaining costs assessment to await the outcome of the trial.
REVERSED AND REMANDED.
 A793
 (Ed. 1-78)
 APPENDIX 1
 THIS ENDORSEMENT CHANGES THE POLICY PLEASE READ IT CAREFULLY.
 CA 20 04 (Ed. 01 78)
 DEALER PLATES INSURANCE
This endorsement changes the policy effective on the inception date of the policy unless a different date is
indicated below.
 (The following need be completed only when this endorsement is issued subsequent to preparation of the policy.)
*1259
This endorsement effective on 8/24/82 at 12:01 A.M. standard time, forms a part of
 (DATE)
policy No. GP 81 83 58 of the Guaranty National Insurance Co.
 (NAME OF INSURANCE COMPANY)
issued to: Maurice Pitre dba Murice Pitre Auto Sales
Agency at New Orleans, La. 

 Premiums
 Description of Plates Liability Auto Medical Payments
 TBA 88.00 238.00
 Total Premiums 88.00 238.00

Any auto you own while used with plates described in this endorsement is a covered auto for LIABILITY and AUTO MEDICAL PAYMENTS INSURANCE, but only while the auto is:
A. Used in your garage business, or
B. Rented to a customer whose auto is left with you for service or repair.