KNOLL, Judge.
Cherry Lynn Barnhill, individually and on behalf of her three minor children, appeals the trial court’s ruling on two motions for summary judgment filed by her and by her ex-husband, Jerry Dale Barn-hill. In her motion for summary judgment, Mrs. Barnhill sought: (1) recognition and enforcement of their consent judgment of divorce rendered by a Texas court, which provided that she would receive a portion of any proceeds of a worker’s compensation settlement for injuries Mr. Barnhill received while working on the Federal Power Plant; and (2) two-thirds of a $500,-000 settlement Mr. Barnhill received in tort for personal injuries he sustained in an employment-related accident. The trial court granted Mrs. Barnhill’s motion to the extent of recognizing the Texas judgment, but otherwise denied her motion, and further granted Mr. Barnhill’s motion for summary judgment, rejecting Mrs. Barnhill’s claims to two-thirds of his $500,000 tort settlement. Mrs. Barnhill contends the trial court erred: (1) in refusing to allow the introduction of evidence regarding the factual dispute existing between the parties as to the interpretation and application of the consent judgment; and (2) in granting Mr. Barnhill’s motion for summary judgment. We affirm, finding no genuine issues of material fact.
FACTS
In August 1982, the parties obtained a judgment of divorce in the Seventh Judicial District Court of Ector County, Texas; the judgment was signed by the trial judge and the attorneys for both parties. An alleged *301 agreement between Mr. and Mrs. Barnhill was made part of the consent judgment and forms the basis of the controversy before us. The consent judgment provided in pertinent part:
“IT IS ORDERED, ADJUDGED and DECREED that any proceeds of settlement of Respondent’s [Mr. Barnhill’s] workmen’s compensation case due to his injury while working on the Federal Power Plant on the _ day of _, 19 — , is to be divided upon receipt, as follows: One-third (¼) to Respondent [Mr. Barnhill], One-third (⅛) to Petitioner [Mrs. Barnhill], and One-third (Vs) to be held in trust for the benefit of the children with Petitioner as Trustee with the condition that any withdrawals from said trust fund shall be with the approval of Petitioner and Respondent, after showing that any expenditures will be for the benefit of the children. ” (Emphasis added.)
The “workmen’s compensation case” mentioned in the judgment is referring to the injuries Mr. Barnhill received to his neck and left shoulder in an accident in March 1980 while he was employed by Benton Casing Services, Inc. After 28 days of hospitalization, Mr. Barnhill began receiving worker’s compensation benefits of $145 per week. In March 1981, a tort suit was filed on behalf of Mr. Barnhill in the Thirty-Ninth Judicial District Court of Cameron Parish, Louisiana, seeking $750,000 for personal injuries. In February 1983, Mr. Barnhill’s tort suit was settled for $500,-000, including reimbursement of $18,790.13 to Benton Casing Services, Inc. and Northwest Insurance Company for worker’s compensation benefits paid.
Mrs. Barnhill brought this action, individually and as managing conservator of their three minor children, seeking two-thirds of Mr. Barnhill’s tort settlement on the basis of the aforementioned clause in the consent judgment.
SUMMARY JUDGMENT
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits to resolve disputed facts. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Morgan v. Matlack, Inc., supra.
A court in Louisiana is powerless to deny a foreign judgment full faith and credit unless the court in the foreign forum lacked jurisdiction over the parties or the subject matter involved in the controversy. U.S.C.A. Const. Art. 4 § 1; LSA-C.C.P. Art. 1; Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Holden v. Holden, 374 So.2d 749 (La.App. 3rd Cir.1979). In Louisiana, review of a final judgment of a foreign court, sought to be made executory, is limited, by both United States Supreme Court and Louisiana jurisprudence, to an inquiry as to subject matter and personal jurisdiction of the rendering court. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Cook v. Williams, 434 So.2d 127 (La.App. 5th Cir.1983), writ denied, 435 So.2d 444 (La.1983). Once a judgment of another state has been properly recognized and made the judgment of a Louisiana court, it has the same effect as if it was rendered by the Louisiana court. LSA-C. C.P. Art. 2541; Patterson v. Patterson, 436 So.2d 603 (La.App. 4th Cir.1983); Hastings v. Dinning, 308 So.2d 451 (La.App. 3rd Cir.1975), writ denied, 310 So.2d 851 (La.1975).
The general rule is that substantive rights are determined by the lex loci or the *302 place where the action arose, while proce* dural rights are governed by the lex fori or the place of the forum. Patterson v. Patterson, supra. Where a party contends that the law of the foreign state applies but does not introduce or demonstrate what the law of that state is with respect to the relevant issues, it is presumed that the law of the foreign state on the questioned point is the same as the existing law of Louisiana. Holden v. Holden, supra.
The law in Louisiana is clear with respect to written obligations. Courts are bound to give legal effect to all written contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when they are clear, explicit and lead to no absurd consequences. LSA-C.C. Arts. 2045, 2046; Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La.App. 5th Cir.1984); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. LSA-C.C. Art. 1848; Condoll v. Johns-Manville Sale Corp., supra. Only where a contract is ambiguous will we look beyond a contract’s four corners. Oceaneering Intern. v. Black Towing, Inc., 479 So.2d 421 (La.App. 1st Cir.1985). Courts are not created to relieve a party of their bad bargain. Leenerts Farms, Inc. v. Rogers, supra.
Mrs. Barnhill contends that the clause at issue was intended to include any proceeds that Mr. Barnhill received as a result of the legal proceedings instituted on his behalf as a result of the March 1980 accident. She further contends that parol evidence should be allowed to show that neither she nor Mr. Barnhill understood the distinction between worker’s compensation and tort, and that they intended for her to receive two-thirds of his tort settlement.
We note from the outset that neither party challenges the subject matter and/or personal jurisdiction of the Texas court; therefore, the trial court properly recognized the Texas judgment, which has the same effect as if it was rendered by a Louisiana court. We further note that the record is void of any Texas law with respect to the relevant issues; therefore, we will presume that Texas law is the same as Louisiana law. Thus, the determinative issue is whether the clause at issue is ambiguous, thereby allowing the admissibility of parol evidence. On this issue, we are favored by the learned trial judge’s oral reasons for judgment, which we find are correct, therefore, we adopt his reasons, which provide as follows:

“Although Mr. Barnhill was injured on the job and had a claim for workmen’s compensation benefits, no suit for compensation was filed and there was no lump sum settlement of the compensation claim.

“The only settlement made by Mr. Barn-hill as a result of the accidental injuries was the settlement for $500,000.00 made on or about February 24, 1983.

“Mrs. Barnhill concedes that the Texas judgment refers only to settlement of a workmen’s compensation case, but she argues that language was placed in the judgment by mistake.

“She maintains that the parties really intended that she and the children share in the proceeds of the settlement of Mr. Barnhill’s personal injury suit.

“She argues that the intent of the clause in the Texas judgment is clear, but that if it is not clear she should be allowed to offer evidence to show the true intention of the parties.

“On the other hand, Mr. Barnhill contends that the language of the Texas judgment is clear and that it applies only to settlement of a workmen’s compensation claim.

“He says that since he did not receive a settlement of his compensation claim, there are no proceeds for Mrs. Barnhill and the children to share.”

[[Image here]]

“As a general proposition, under the full faith and credit clause of the Constitu
*303
tion of the United States, a judgment rendered by a Court of one state is, in the Courts of another state, binding and conclusive.

“It is improper to permit alteration, modification, or re-examination of the judgment by another Court

“Of course, there are some limited exceptions which principally deal with child custody and child support. Under some circumstances such decrees can be modified by another Court when it is found to be in the best interest of the child or children.”

[[Image here]]

“The wording of the Texas judgment is not ambiguous. The judgment plainly states that Mrs. Barnhill and the children are to share any proceeds of settlement of Mr. Barnhill’s workmen’s compensation case due to his injury while working on the Federal Power Plant.

“The language of the judgment does not mention or even hint at the proceeds of settlement of a personal claim against a third party.

“A stipulation in a consent judgment is similar to a contract and is to be interpreted in much the same manner. Such a stipulation is ambiguous only if the language is doubtful or uncertain in meaning.

“If the language of the stipulation is susceptible to more than one meaning, then it is ambiguous. On the other hand, if the language is not susceptible to more than one meaning, it is not ambiguous.

“The Court must examine the language to determine whether or not it is ambiguous, and if it is determined that it is not ambiguous, then the Court is not at liberty to inquire into the circumstances surrounding the agreement to determine the intent of the parties.

“It is considered that the unambiguous language expressed in the stipulation expresses the intention of the parties and that no further inquiry can be made concerning those intentions.

“There is nothing uncertain or ambiguous about the language used in the Texas judgment. It is not susceptible to more than one meaning. And this Court is not at liberty to go beyond that language or to alter it or modify it.

“The Court has no right to re-write the judgment rendered by the Texas Court, to make it say something that it does not say, or to give it a meaning it does not express.

“There is no suggestion of fraud or overreaching on the part of Mr. Barnhill or his attorney.

“Mrs. Barnhill was represented in Texas by an attorney, and the language used in the judgment was agreed to by her attorney.

“Mrs. Barnhill now argues that the reference in the Texas judgment to compensation benefits, as opposed to damages for personal injuries, arose simply from a failure to either understand or clearly enunciate the difference between the two types of claims.

“She argues that the attorneys preparing the judgment were Texas attorneys unfamiliar with the specific on-going proceedings or with the Louisiana law applicable to compensation benefits in third party tort suits.

“This appears to the Court to be an unwarranted assumption on the part of Mrs. Barnhill.

“The basic difference between a compensation claim and a tort claim for damages is the same in Texas as it is in Louisiana.

“The attorney representing Mrs. Barnhill in Texas knew or should have known of that difference. Also, he knew or should have known before agreeing to the language to be incorporated in the judgment of the Texas Court the status of any legal claims being asserted by Mr. Barnhill and the intentions of the parties concerning those claims.

“If the intent was to give Mrs. Barnhill the right to share in the proceeds of the settlement of a damage suit, then it 
*304
would, have been a simple matter to have included such language in the judgment.

“It should be noted that Mr. Barnhill was injured on the job and he did have a claim for workmen’s compensation benefits. A claim for workmen’s compensation benefits can be and frequently is settled with a lump sum payment to the injured employee.

“When the Texas judgment was rendered, there was no way for anyone at that time to be certain that Mr. Barnhill would not settle his workmen’s compensation claim with his employer or his employer’s compensation insurer.

“If his personal injury suit had been unsuccessful, it’s very probable that he would have eventually settled his compensation claim for a lump sum.

“In any event, Mr. Barnhill had two different claims arising out of the accident of March 27, 1980, one for compensation benefits, and one for damages for personal injuries.

“Thus, this is not a situation where only a personal injury claim was involved. “There was a workmen’s compensation claim in existence which had the potential for settlement.

“Mrs. Barnhill’s argument about how the language of the Texas judgment should be interpreted by this Court would be more persuasive if there had not been a job connected accident, and if the only claim Mr. Barnhill had was one in tort against a third party.

“But as I have stated, that was not the case.

“Mrs. Barnhill also argues that the clause as written in the judgment is meaningless if it is limited to workmen’s compensation.

“However, that argument, as indicated above, is based on hindsight and not on the circumstances that existed at the time the agreement was made or when the judgment was rendered.

“The provision as written had meaning at that time because Mr. Barnhill did indeed have a claim for compensation benefits which could have ultimately resulted in a lump sum settlement.

“The fact that no such settlement was made does not mean that the stipulation in the judgment was meaningless when the judgment was rendered.

“Mrs. Barnhill argues that she is simply seeking to have the Texas judgment recognized and enforced in Louisiana, and that she does not ask to have a provision of that judgment modified or altered.

“That argument is difficult for this Court to follow.

“The Court has no problem with recognizing the Texas judgment and enforcing it in Louisiana according to its terms and conditions. However, the provisions of that judgment do not allow plaintiff the relief that she seeks before this Court.

“This Court is perfectly willing to order that plaintiff and the children be granted a share of the proceeds of any settlement that Mr. Barnhill may have made of his workmen’s compensation claim.

“But of course, there was no such settlement, so there can be no enforcement of that provision of the judgment by this Court.

“If the judgment incorrectly sets forth an agreement that was reached by the parties, then that issue should have been raised in the Texas Court.

“It should be noted in passing that Mr. Barnhill denies that he ever made any agreement to divide the proceeds of any settlement with Mrs. Barnhill and the children.

“Interestingly, Mrs. Barnhill argues that Mr. Barnhill is not entitled to raise the issue of consent at this time because to do so would be allowing him to make a collateral attack on the judgment.

“She maintains that the issue of consent was foreclosed by the rendition of the Texas judgment. But on the other hand she argues that she is entitled to offer evidence to show that what was purportedly agreed to by Mr. Barnhill is not accurately■ expressed in the judgment, and that this Court in effect should rewrite the terms of the agreement.

*305
“Plaintiff wants the best of all worlds.

“For all the foregoing reasons, the motion for summary judgment filed by Mr. Barnhill will be granted. All other demands of Mrs. Barnhill against Mr. Barnhill will have to be heard later on the merits of the case.”

After a careful review of the divorce judgment, we find that its terms are clear, concise, and unambiguous. The clause clearly provides for Mrs. Barnhill to receive a portion of Mr. Barnhill’s worker’s compensation settlement. We cannot alter the terms of the consent judgment to award Mrs. Barnhill a portion of Mr. Barn-hill’s tort settlement. Further, the contentions of Mrs. Barnhill do not present a factual dispute, nor do they present inquiries as to subject matter and/or personal jurisdiction, the limit of a Louisiana court to question a foreign judgment. Mrs. Barnhill’s contentions would have a Louisiana court exceed its authority in enforcing a foreign judgment. Therefore, we find that Mr. Barnhill was entitled to judgment as a matter of law and the trial court did not err in granting the motions for summary judgment. Accordingly, we affirm. All costs of this appeal are assessed to the appellant, Cherry Lynn Barnhill.
AFFIRMED.