506 So.2d 558 (1987)
Ronald E. OLIVER, et al.,
v.
NATCHITOCHES AIR CENTER, et al.
Timothy D. BAKER,
v.
NATCHITOCHES AIR CENTER, et al.
Richard L. HICKS,
v.
NATCHITOCHES AIR CENTER, et al.
No. 87-179.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1987.
Writs Denied May 15, 1987.
Seale, Smith and Phelps, Ronald A. Seale, Baton Rouge, and Kermit M. Simmons, Winnfield, for defendants-relators.
William V. Dalferes, Jr., New Orleans, Plauche, Smith and Nieset, Allen L. Smith, Jr., Lake Charles, Robert S. Salim, Kenneth D. McCoy, Jr., Natchitoches, Reginald B. Griffith, Baton Rouge, for respondents.
PER CURIAM.
WRIT GRANTED AND MADE PEREMPTORY. We granted writs to review rulings on exceptions of no right of action filed in three consolidated lawsuits. The trial judge overruled the exceptions. We reverse and order that they be granted.
The cases arise from an airplane crash in Natchitoches. A number of defendants were sued by persons claiming damages as a result of that crash. Among the defendants were the relators, Jack Huff, Taylor Insurance Company, and Employers Reinsurance Corporation. These three defendants were added to the suits after it was learned that another defendant, Natchitoches Air Center (NAC), was uninsured, *559 its liability policy having been cancelled before the crash. As a cause of action against Jack Huff, the plaintiffs alleged that he negligently cancelled the insurance policy issued to NAC, which was alleged to be a tortfeasor in the crash. Taylor Insurance Agency was named a defendant in its capacity as the employer of Jack Huff, and Employers Reinsurance Corporation was named a defendant in its capacity as the errors and omissions insurer of Huff and his employer. These three defendants filed exceptions claiming that the plaintiffs had no right of action against them.
The plaintiffs took the position that they were third party beneficiaries of the contract of insurance issued to NAC and allegedly negligently cancelled by Huff. They rely on the case of Sturcke v. Clark, 261 So.2d 717 (La.App. 4th Cir.1972), cert. denied, 262 La. 308, 263 So.2d 46 (1972), in which a subrogee to plaintiff's claim was allowed an action against the (negligent) insurer of the tortfeasor, because the insurer had failed to issue a liability policy even though the tortfeasor had paid premiums. The Fourth Circuit reasoned that the plaintiff was a third party beneficiary to the contract of liability insurance between the tortfeasor and his insurer, citing LSA-R.S. 22:655, the Direct Action Statute. The basis for the Fourth Circuit's holding was that the last paragraph of R.S. 22:655, the Direct Action Statute, expressed a legislative purpose that liability insurance was "for the benefit of all injured persons."
This theory of liability has been criticized and not followed by the First Circuit and Second Circuit. See LeBouef v. Colony Insurance Company, 486 So.2d 760 (La. App. 1st Cir.1986) and Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2nd Cir.1984), cert. denied, 446 So.2d 1223 (La.1984). Also, though Sturcke was not discussed, this circuit's decision in Guillory v. Morein, 468 So.2d 1254 (La.App. 3rd Cir.1985), is a repudiation of the third party beneficiary, or stipulation pour autrui theory in like circumstances.
We hold, as did the First Circuit and the Second Circuit, that the Direct Action Statute does not give a tort victim a right of action against an insurance agent for the negligent cancellation of a policy of insurance issued to his client, the tortfeasor. The plaintiffs in the present case have no right of action against the agent, and his employer, and their errors and omissions carrier.
For the reasons assigned,
IT IS HEREBY ORDERED that the trial court sustain defendants' exceptions of no right of action, and dismiss Jack Huff, Taylor Insurance Agency, and Employers Reinsurance Corporation from the principal demands in all three captioned cases, with prejudice.