517 So.2d 232 (1987)
Ana BUSTAMANTE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.
No. 86 CA 1308.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Writ Denied January 8, 1988.
*233 Foye L. Lowe, Jr., Baton Rouge, for plaintiff-appellant Ana Bustamante.
J. Winston, Ardoin, Eunice, for defendant-appellee Auto Term Ins. Agency, Inc.
Marshall W. Wroten, Baton Rouge, for defendant-appellee Champion Ins. Co.
Frank A. Fertitta, Baton Rouge, for defendant-appellee James A. Price and State Farm Mut. Auto. Ins. Co.
Ernest C. Hunt, Jr., Lake Charles, for defendant-appellee United Southern Underwriters, Inc.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
WATKINS, Judge.
Ana Bustamante was injured in an accident while she was a guest passenger in her sister's automobile. She brought the present suit against, inter alia, Auto Term Insurance Agency, Inc., the insurance broker which had issued a policy of liability insurance to Ms. Bustamante's sister. After the accident it was found the policy did not cover medical payments, although her sister allegedly had told Auto Term that she desired full coverage.
Auto Term filed exceptions of vagueness and of no cause of action. In an interlocutory consent judgment it was agreed by counsel for plaintiff and counsel for defendant Auto Term that the exception of vagueness would be withdrawn and, further, that the exception of no cause of action would be referred to the merits. Thereafter, Auto Term filed a motion for summary judgment seeking dismissal of plaintiff's suit against Auto Term. The motion for summary judgment was granted and the exception of no cause of action was sustained.
We have held in LeBouef v. Colony Insurance Co., 486 So.2d 760 (La.App. 1st Cir.1986) that the tort-feasor's insurance agent owes no duty to the tort victim to secure the proper insurance policy. Similarly, we hold that the broker which issued a policy of liability insurance to the tort victim is under no duty to third party passengers in the tort victim's automobile. Although a broker issuing a policy of insurance is under a duty to the insured to issue a policy of insurance with the requested coverage, it is under no such duty to a tort victim who is a guest passenger in the insured's automobile. The connection is too remote, as was noted by the Second Circuit in Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2d Cir.1984), writ denied, 446 So.2d 1223 (La.1984).
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.