590 So.2d 633 (1991)
Glenna Hollingsworth CLARK, Plaintiff-Appellant,
v.
Jerry R. DURBIN, et al., Foremost County Mutual Insurance Company, et al., Defendants-Appellees.
No. 90-387.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
*634 Gilbert W. Aucoin, Ville Platte, for plaintiff-appellant.
Plauche, Smith & Nieset, Allen L. Smith, Lake Charles, for defendant-appellee-Kunkle.
Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, for defendant-appellee-Foremost.
Tynes, Frazer & Roach, Maurice L. Tynes, Lake Charles, for defendant-appellee-Hanks.
Raggio, Cappel, Chozen & Berniard, Stephen A. Berniard, Jr., Lake Charles, for defendant-appellee-Allstate.
Badon & Ranier, Ken E. Badon, Lake Charles, for defendant-appellee-Commodore Ins.
Before GUIDRY, DOUCET and KNOLL, JJ.
GUIDRY, Judge.
This matter was consolidated at trial and on appeal with the following cases: Clark v. Durbin, 590 So.2d 637; Clark v. Durbin, 590 So.2d 638; Hill v. Durbin, 590 So.2d 637; Clark v. Durbin, 590 So.2d 639; and, Hanks v. Allstate Insurance Company, 590 So.2d 638. The issues presented in this case are identical with those presented in the consolidated cases. We consider and dispose of all issues in this opinion but render separate decrees in the consolidated cases.
Kunkel Insurance Agency (Kunkel) and Foremost County Mutual Insurance Company (Foremost), made defendants in this suit and the consolidated matters, filed exceptions of no right of action. The trial court sustained these exceptions and dismissed plaintiff's suit against Kunkel and Foremost.

FACTS
This suit arises as the result of an automobile accident which occurred on April 11, 1988 at 12:05 p.m. on U.S. Highway 190 near Reeves in Allen Parish, Louisiana, when a 1983 Allegro motor home owned and driven by Jerry Durbin rear-ended a 1978 Chevrolet Chevette driven by Deborah Hill. At the time of accident, the Durbin vehicle was uninsured although it had previously been insured by a policy of liability insurance with a coverage limit of $25,000. The coverage on the Durbin vehicle had lapsed approximately four weeks before the accident. Shortly after the accident, Jerry Durbin telephoned his wife, Barbara Durbin, at their home in Canyon Lake, Texas. At approximately 1:00 p.m., after receiving Jerry Durbin's call, Mrs. Durbin went to Kunkel in New Braunfels, Texas, in order to secure maximum insurance coverage for the motor home. In doing so, she did not inform anyone at the agency that the motor home had been involved in an accident earlier that day in Louisiana. Kunkel issued a temporary binder covering the motor home. The binder became effective at 1:15 p.m. on April 11, 1988. It was issued by Kunkel in the name of Foremost.
*635 Upon learning of the accident and the fact that Mrs. Durbin knew of the accident but did not disclose such information at the time of her application for insurance, Foremost filed suit in Texas to have the insurance policy issued to Durbin declared null and void on the ground of fraud. On November 29, 1988, the 151st Judicial District Court of the State of Texas rendered and signed a judgment in favor of Foremost declaring the Foremost policy null and void ab initio. The record reflects that this judgment is now final.
Plaintiffs subsequently filed suit seeking recovery for their respective personal injuries and property damages naming, among others, Kunkel and Foremost as defendants. The basis for plaintiffs' suit against Kunkel was the agency's alleged negligent failure to timely procure insurance coverage for the Durbins. Foremost was named in the suit as the alleged liability carrier on the motor home owned by the Durbins.
Kunkel filed a peremptory exception of no right of action, claiming that its duty of due care in procuring insurance did not extend in favor of the non-client tort victims. In essence, Kunkel urged that the right to bring an action for negligence in the procurement of insurance coverage is a right personal to the insured.
Foremost also filed a peremptory exception of no right of action against the plaintiffs. In support of its exception, Foremost urged that the Texas judgment declaring the insurance policy issued to Durbin null and void is entitled to full faith and credit and precludes the Durbins from suing Foremost on the policy. Accordingly, Foremost argues that, since Durbin has no right of action against it, plaintiffs have no right of action under the Direct Action Statute (La.R.S. 22:655).

THE KUNKEL EXCEPTION
This court has consistently held that an insurance agent's duty of due care to procure insurance for its client does not extend to a non-insured tort victim. In Oliver v. Natchitoches Air Center, Inc., 506 So.2d 558 (La.App. 3rd Cir.1987), writ denied, 507 So.2d 220 (La.1987), we held that the direct action statute did not provide a non-insured tort victim with a right of action against an insurance agent for the alleged negligent cancellation of an insurance policy. The plaintiffs in Oliver sued both the agency and its employee-agent claiming to be third party beneficiaries of the policy between the defendant insured and its insurer. As in the instant case, the plaintiffs in Oliver relied on the case of Sturcke v. Clark, 261 So.2d 717 (La.App. 4th Cir.1972), cert. denied, 262 La. 308, 263 So.2d 46 (La.1972), in which the Fourth Circuit construed the Direct Action Statute as granting tort victims third party beneficiary status. As such, plaintiffs in Sturcke, supra, were allowed to maintain an action against the defendant agency for its alleged negligence in failing to procure the insurance coverage requested by the defendant. In Oliver, this court expressly declined to follow both the reasoning and the result of Sturcke. For similar reasoning and results, see this court's decision in Guillory v. Morein, 468 So.2d 1254 (La. App. 3rd Cir.1985). Our brethren of the First and Second Circuits have likewise disagreed with the reasoning and result of Sturcke. See Bustamante v. State Farm Mutual Automobile Insurance Company, 517 So.2d 232 (La.App. 1st Cir.1987), writ denied, 518 So.2d 510 (La.1987); LeBouef v. Colony Insurance Company, 486 So.2d 760 (La.App. 1st Cir.1986); and, Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2d Cir.1984), cert. denied, 446 So.2d 1223 (La.1984).
Based on the foregoing settled jurisprudence, we conclude that the plaintiffs herein have no right of action against Kunkel for its alleged negligent failure to procure insurance for Durbin.

THE FOREMOST EXCEPTION
The exception of no right of action filed by Foremost is based partly on the Full Faith and Credit clause of the United States Constitution and partly on the Direct Action Statute. There is no privity of contract between the injured plaintiffs and Foremost. Therefore, plaintiffs must establish a right of action through the Direct *636 Action Statute (La.R.S. 22:655) which "was enacted to give special rights of action to injured tort victims". Arrow Trucking Co. v. Continental Ins. Co., 465 So.2d 691 (La. 1985). Such an action against a liability insurer can only be brought by an injured plaintiff "... if the accident occurred in Louisiana or the policy was issued or delivered in Louisiana". Vincent v. Penrod Drilling Co., 372 So.2d 807 (La.App. 3rd Cir.1979), at 811. In order to make a liability insurer a party defendant to an action under the Direct Action Statute, the injured plaintiff must prove "first, that the insured caused the injury by a tortious act and second, that the insurer has issued a policy to the insured which covers his liability for such acts". Breitenbach v. Green, 186 So.2d 712, 720 (La.App. 4th Cir.1966). Both elements must be proved by the injured plaintiff, and "... clearly, the company has the right to resist the action against itself by showing the absence of either element or both". Breitenbach, supra.
La.R.S. 22:655(C) provides:
"... any action brought under the provisions of this Section shall be subject to all the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured ...". (Emphasis added).
Plaintiffs-appellants argue that Foremost should not be allowed to assert the Texas judgment as a defense to their action since the judgment is not on the merits of their case and, as such, should not be given full faith and credit nor any res judicata effect in Louisiana. In support of their argument, plaintiffs rely on the case of McNeal v. State Farm Mutual Automobile Insurance Company, 278 So.2d 108 (La.1973). We find McNeal inapposite.
McNeal involved suits brought in the State of Mississippi and in the State of Louisiana by a Louisiana resident for injuries resulting from an accident which occurred in Mississippi. The policy of insurance was issued in Louisiana. The proceedings in Louisiana were held in abeyance pending a decision by the Mississippi court. The Supreme Court of Mississippi dismissed the plaintiff's suit for lack of standing based on the doctrine of family immunity and Mississippi's lack of a Direct Action Statute. The Louisiana Supreme Court then ruled that the Mississippi judgment should not be granted full faith and credit in Louisiana and thus should be given no res judicata effect in this state since the dismissal in Mississippi was based on technical grounds and had not reached the merits. Since Louisiana recognized that family immunity is a strictly personal defense, the plaintiff was allowed to assert her right of action against the insurer in Louisiana under the Direct Action Statute. McNeal, supra, at 110.
The case sub judice is clearly distinguishable from McNeal. Foremost is not asserting a defense that is strictly personal to its insured. Rather, Foremost contends that, at the time of the accident, it had not issued a policy to the Durbins which covered their liability for the accident and relies on the Texas judgment which determined that the policy is null and of no effect. Stated another way, Foremost argues that the Texas judgment decides the merits of the controversy between Durbin and Foremost, i.e., invalidity of the policy of insurance ab initio and, to that extent, the judgment is entitled to full faith and credit in Louisiana under the United States Constitution. We agree.
La.R.S. 22:655(C) clearly states that Foremost has the right to assert any defense against the injured plaintiffs that it could have asserted in a direct action by the Durbins. The Direct Action Statute clearly grants the defendant insurer the right to assert such a defense. Breitenbach, supra.
The Texas judgment is conclusive on the merits of the Durbins' inability to bring an action against Foremost. It does not specifically preclude suit by the plaintiffs-appellants. A Louisiana court cannot "... deny a foreign judgment full faith and credit unless the court in the foreign forum lacked jurisdiction over the parties or the subject matter involved in the controversy". Barnhill v. Barnhill, 488 So.2d 299 (La.App. 3rd Cir.1986), at 301, citing *637 U.S.C.A. Const. Art. 4 § 1, La.C.C.P. art. 1, and Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943). In addition, once the foreign judgment has been recognized by a Louisiana court, "... it has the same effect as if it was rendered by the Louisiana court". Barnhill, supra. Thus, once recognized by the Louisiana district court, the Texas declaratory judgment bars any suit by the Durbins against Foremost. Clearly, Foremost is entitled to raise this defense against the injured plaintiffs by peremptory exception of no right of action based on paragraph (C) of the Direct Action Statute. In conclusion, we hold that the trial court was correct in maintaining Foremost's peremptory exception of no right of action.
For these reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.