766 So.2d 651 (2000)
Jack HUFFMAN, et ux., Plaintiffs-Appellants,
v.
Ronnie Dale GOODMAN, Jr., et al., Defendants-Appellants.
No. 33,647-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
A. Richard Snell, Bossier City, Counsel for Appellants.
Casten & Pearce by Marshall R. Pearce, Shreveport, Counsel for Appellees, Ronnie Dale Goodman and State Farm Ins. Co.
Joseph B. Stamey, Natchitoches, Counsel for Appellees Podnuh's Bar-B-Que, Inc. and Trinity Universal Ins. Co.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Donald Armand, Jr., Edwin H. Byrd, III, Shreveport, Counsel for Appellee Argonaut Great Central Ins. Co.
Cook, Yancey, King & Galloway by Robert Kennedy, Jr., Colfax, Counsel for Appellees Powell Ins. Agency, Inc. and Utica Mutual Ins. Co.
Kantrow, Spaht, Weaver & Blitzer by Martin E. Golden, Baton Rouge, Counsel for Intervenor Appellee United Healthcare Corp.
*652 Before BROWN, STEWART and GASKINS, JJ.
STEWART, J.
The plaintiffs, Jack Huffman and Alice D. Huffman, appeal the dismissal of their claim against Powell Insurance Agency, Inc., pursuant to exceptions of no cause of action and no right of action asserted by Powell and granted by the trial court. We affirm.

FACTS
On May 25, 1995, Jack Huffman sustained injuries when the motorcycle he was driving was struck by a vehicle which exited a commercial parking lot into his lane of travel. The vehicle which struck Huffman was driven by Ronnie Dale Goodman, Jr., who was alleged to have been in the course and scope of his employment as a delivery driver with Podnuh's Bar-B-Que, Inc., ("Podnuh's"), at the time of the accident.
Huffman and his wife filed suit for damages on July 24, 1995, naming Goodman and his insurer, State Farm Insurance Company ("State Farm"), as defendants. In a first amended petition filed October 30, 1995, Podnuh's was also named as a defendant. On October 31, 1997, the Huffmans filed a fourth amended petition naming Great Central Insurance Company ("Great Central") as an additional defendant.[1] Great Central filed an answer in which it asserted its correct corporate name as Argonaut Great Central Insurance Company, admitted that it issued a policy of insurance to Podnuh's for the period of May 5, 1995 through May 5, 1996, and denied coverage for the accident at issue on the basis that the policy of insurance did not provide coverage for hired and non-owned automobiles. In a fifth amended petition filed July 22, 1998, the Huffmans named Powell Insurance Agency, Inc., ("Powell"), as a defendant. The following allegations from the petition state the Huffmans' claim against Powell:
8.
That in the alternative that liability coverage is not found as having been provided by Argonaut Great Central Insurance Company then your petitioner avers that POWELL INSURANCE AGENCY, INC., did factually and defacto stand in the shoes and did act as an insurance company;
9.
That the said POWELL INSURANCE AGENCY, INC. did offer to Podnuh's Bar-B-Que, Inc. to provide coverage for their non-owned and hired automobiles and drivers;
10.
That the offer submitted by POWELL INSURANCE AGENCY, INC. to Podnuh's was duly accepted and the requested premium paid;
11.
That thereafter, POWELL INSURANCE AGENCY, INC. did issue a "binder" of the stated coverage;
12.
That on or about date of May 23, 1995, John O'Brien, either for the benefit of ARGONAUT GREAT CENTRAL INSURANCE COMPANY or acting on behalf of POWELL INSURANCE AGENCY, INC., did issue unto Podnuh's Bar-B-Que, Inc. a binder of liability insurance providing liability coverage for the at issue accident, said binder having an effective date of May 5, 1995.
13.
That the said binder of automobile liability insurance coverage providing *653 coverage for the at issue accident provided policy limits for the applicable coverage in the amount of $1,000,000;
14.
That your petitioner avers by virtue of the offer and acceptance, the premium paid, and the binder of liability coverage for the at issue accident, our petitioners herein are third party beneficiaries thereof and that POWELL INSURANCE AGENCY, INC. is a defacto insurer for the damages sustained by your petitioners.
In response to the Huffmans' fifth amended petition, Powell filed the peremptory exceptions of no right and no cause of action. Powell contended that a third party tort victim does not have a cause of action or right of action against the tortfeasor's insurance agent for negligence in procuring or failing to procure proper insurance coverage. In opposition to the exceptions asserted by Powell, the Huffmans argued that their fifth amended petition stated a claim against Powell as an "insurer" and not as an "agent." The Huffmans argued that by issuing a binder of liability insurance to Podnuh's, Powell acted as an insurer, as defined in La. R.S. 22:5, against whom they are entitled to bring a direct action.[2]
Great Central also filed a cross-claim against Powell, the allegations of which shed light on the dealings between Great Centeral, Powell, and Podnuh's. The allegations of the cross-claim state that the binder of insurance issued by Powell erroneously included coverage for non-owned and hired automobiles; that Great Central did not authorize such coverage and advised Powell of this fact in writing; that Great Central did not include premiums attributable to coverage for non-owned and hired automobiles; and that Great Central neither charged nor collected from Podnuh's premiums for such coverage.
In a judgment rendered June 24, 1999, the trial court granted Powell's exceptions of no right and no cause of action and dismissed with prejudice the Huffmans' claim against Powell. The Huffmans filed a motion for a new trial, asserting again that its cause of action was against Powell as an insurer due to its issuance of a binder of liability insurance to Podnuh's. The trial court denied the motion for a new trial in a judgment rendered September 24, 1999. The Huffmans then filed the instant appeal.

DISCUSSION
It is well-settled in our jurisprudence that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage. The client may then recover from the agent the loss sustained as a result of the agent's failure to procure the requested coverage if the agent's actions warranted an assumption by the client that he was properly insured in the amount of the desired coverage. Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La.1973); Hutchins v. Hill Petroleum Co., 609 So.2d 306 (La. App. 3 rd Cir.1992), affirmed, 623 So.2d 649 (La.1993).
It is also well-settled in our jurisprudence that the tort-feasor's insurance agent owes no duty to the tort victim to secure insurance coverage. Tu v. Guidry, 94-1168 (La.App. 3rd Cir. 3/1/95), 653 So.2d 1, writ denied, 95-1510 (La.9-22-95), 660 So.2d 485; Clark v. Durbin, 590 So.2d 633 (La.App. 3rd Cir.1991); Bustamante v. State Farm Mut. Auto. Ins. Co., 517 So.2d 232 (La.App. 1st Cir.1987), writ denied, 518 So.2d 510 (La.1988); Oliver v. Natchitoches Air Center, 506 So.2d 558 (La.App. 3rd Cir.1987), writ denied, 507 So.2d 220 (La.1987); LeBouef v. Colony Insurance *654 Co., 486 So.2d 760 (La.App. 1st Cir.1986). The agent's duty to use due care in procuring proper insurance coverage for the insured/tort-feasor arises from the agreement between them and does not encompass the risk of harm to the third party victim who seeks to proceed directly against the agent who failed in his duty to secure proper coverage for the insured. Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2d Cir.1984), writ denied, 446 So.2d 1223 (La.1984). As this court stated in Campbell, supra, the agent's obligation is owed directly to the client whose interest in seeking liability insurance is to protect its business from possible financial loss due to claims against it. This obligation does not include a duty to protect the general public from the risk of harm by the insured for which there is no coverage and for which the insured might be unable to respond in damages. Id.
Although the Huffmans have attempted to couch their claim against Powell as a claim against an insurer, the allegations of their fifth amended petition show that their claim is one against an agent who failed to secure proper insurance coverage for the insured tort-feasor. There is no showing in the petition that Powell acted as anything other than an insurance agent in its dealings with Podnuh's and its issuance of the binder of insurance. A review of the binder shows that coverage is being provided by Great Central and that Great Central is the company binding the coverage indicated on the binder.
The instant case bears similarities to LeBouef v. Colony Ins. Co., supra, in which the tort victim who was injured in the course of his employment attempted to pursue a claim against the agent who had placed excess insurance for the employer with a nonexistent insurance company. The agent filed an exception of no cause of action which the trial court overruled. The ruling was reversed on appeal. The appellate court declined to extend the public policy underlying the direct action statute, La. R.S. 22:655, to find a duty on the part of the tort-feasor's agent to the tort victim to secure insurance. Rather, the appellate court determined that the agent has neither a legal nor contractual obligation to the victim to procure proper coverage for the tort-feasor. Consequently, the agent's failure to fulfill its obligation does not give the victim a right of action against him.
The present facts warrant the same conclusion as in LeBouef, supra. The agent, possibly through negligence, failed to secure coverage desired by the insured. The tort victim now seeks to pursue an action against the agent for its failure to secure appropriate coverage for the insured tortfeasor. Powell's failure to fulfill its obligation as agent to Podnuh's does not give the Huffmans a right of action against Powell. While Powell owed a duty to provide and secure appropriate coverage for Podnuh's, it owed no such duty to the tort-victim. As such, we find no error in the trial court's judgment and affirm.

CONCLUSION
For the reasons assigned, we affirm the trial court's judgment at appellants' cost.
AFFIRMED.
NOTES
[1] In the prayer of the fourth amended petition, the Huffmans included Trinity Insurance Company, an insurer of Podnuh's, as a named defendant. Trinity was not previously named as a defendant in the record.
[2] La. R.S. 22:5(10) defines "insurer" as "every person engaged in the business of making contracts of insurance, other than a fraternal benefit society."