hSAUNDERS, Judge.
In a personal injury action arising from an automobile accident, plaintiffs-appellants sued the insurance agent who sold the automobile liability policy to the tortfeasor and the insurance agent’s employer, on the theory that the insurance |2agent negligently sold a policy with a lower amount of liability coverage than requested by the tortfeasor. The district court granted defendants’ Exception of No Right of Action. Plaintiffs appeal. We affirm.

PROCEEDINGS BELOW

Hui-Kuang Tu, Fu-Tai Wang, and Hsien-Che Lo were seriously injured in an automobile accident caused by Jules Guidry. Tu, Wang, Lo, and their respective families filed *2 suit against Guidry and his automobile liability insurer, Louisiana Farm Bureau Casualty Insurance Company (hereinafter referred to as “Farm Bureau”), for damages sustained in the accident. Plaintiffs also sued Edmond Cormier, the Farm Bureau insurance agent who sold the automobile liability policy to Mr. Guidry, and his employer, Farm Bureau, alleging that Cormier had failed to issue the policy with greater liability coverage as requested by Guidry.
Plaintiffs settled with defendants, Jules Guidry and Farm Bureau, as liability insurer, for the policy limits of the automobile liability policy issued to Mr. Guidry by Farm Bureau. Thereafter, defendant, Edmond Cormier and his employer filed a Motion for Summary Judgment, an Exception of No Cause of Action, and an Exception of No Right of Action. The district court sustained the Exception of No Right of Action and dismissed plaintiffs’ claims against Cormier and Farm Bureau.[1] Plaintiffs appeal, alleging the following two assignments of error.

ASSIGNMENTS OF ERROR

(1) The trial court erred by failing to give written reasons for judgment.
(2) The trial court improperly granted an exception of no right of action.

ASSIGNMENT OF ERROR NO. 1

The proper remedy when the trial court does not give written reasons is to apply for supervisory writs or file a motion to remand for purposes of compliance |3with the request. Rosella v. DeDe’s Wholesale Florist, 607 So.2d 1055 (La.App. 3d Cir.1992). Plaintiffs failed to do so.
Moreover, we observe that the trial court’s failure to provide written reasons did not prejudice plaintiffs in any manner, as the issue on appeal is apparent. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

Turning to the merits, this circuit has consistently held that a plaintiff does not have a right of action against the tortfeasor’s insurance agent for negligence in connection with his procuring insurance coverage for the tortfeasor. See Clark v. Durbin, 590 So.2d 633 (La.App. 3d Cir.1991) (insurance agent’s duty to procure coverage for client does not extend to tort victim); Oliver v. Natchitoches Air Center, Inc., 506 So.2d 558 (La.App. 3d Cir.), writ denied, 507 So.2d 220 (La.1987) (Direct Action Statute does not give a tort victim a right of action against an insurance agent for negligent cancellation of tortfea-sor’s policy); Guillory v. Morein, 468 So.2d 1254 (La.App. 3d Cir.1985) (tort victims are not parties to nor third party beneficiaries of insurance contract and therefore have no right of action against agent).
These cases clearly show that the Louisiana jurisprudence uniformly holds that a victim has no right of action against his tortfea-sor’s insurance agent for failure to provide coverage as requested by the tortfeasor. However, plaintiffs make a valiant attempt to persuade this court with a policy argument that there should be such a right of action because the statutory scheme on liability insurance is designed to protect “the general public.”
In support of this argument, plaintiffs rely on Berry v. DHHR, 625 So.2d 600 (La.App. 3d Cir.1993), in which this Court allowed a passenger, who was injured in an automobile accident while being transported by a provider enrolled |4in the state’s non-emergency medical transportation program, to recover from the state because of the state’s failure to enforce the requirement that providers have insurance coverage. However, the Louisiana Supreme Court reversed finding that the state’s duty to administer the program did not impose liability on the state to third persons when the provider did not comply with the insurance requirements. See Berry v. DHHR, 93-2748 (La. 5/23/94); 637 So.2d 412. Moreover, the Third Circuit based its opinion on the finding of a special relationship between the plaintiff and the state, and specifically distinguished the factual situation before it and those where a third party as *3 serts a cause of action against an insurance agent. Berry v. DHHR, 625 So.2d at 607.
Plaintiffs further rely on Chandler v. Jones, 532 So.2d 402 (La.App. 3d Cir.1988), Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La.1973), and Arceneaux v. Bellow, 395 So.2d 414 (La.App. 3d Cir.), writ denied, 400 So.2d 669 (La.1981). These cases, however, address the right of the insured to sue his or her agent for failure to procure the coverage requested. They do not recognize a right of action for a third party.
Litton v. Ford Motor Co., 554 So.2d 99 (La.App. 2d Cir.1989), writ denied, 559 So.2d 1353 (La.1990), and Tapia v. Ham, 480 So.2d 855 (La.App. 2d Cir.1985), writ denied, 484 So.2d 138 (La.1986), also relied upon by plaintiffs, do not support their position. In Litton, the court allowed a third party who was injured by a tortfeasor driving a rental car owned by Ford Motor Company to sue Ford Motor Company when Ford had agreed to provide liability coverage. The court reasoned that the right of direct action exists whether coverage is through a policy of insurance or on a self-insured basis. In Tapia, the court allowed the lessees of a rental car owned by Ford Motor Company to sue Ford when they where injured by a uninsured tortfeasor and Ford had contractually 15agreed to provide an excess liability policy. Neither of these cases allow a third party to sue an insurance agent. In fact, in Litton, supra, the court distinguished the ease before it and those involving an attempt to sue an insurance agent by stating that there is a “distinct difference between the obligation of an insurance agent to procure an insurance policy for a client and the obligation undertaken by Ford here to provide liability coverage not only to its licensee but also to the daily rental customers. An agent does not agree to provide coverage, but only agrees to provide the service of obtaining a policy from an insurance company.” Id. 554 So.2d at 103.
The only case relied upon by plaintiffs which actually supports their position is Sturcke v. Clark, 261 So.2d 717 (La.App. 4th Cir.1971), writ denied, 262 La. 308, 263 So.2d 46 (1972), in which the court allowed the third party plaintiffs uninsured motorist insurer to recover from an insurance agent who collected a premium from the tortfeasor for liability coverage but failed to procure this coverage. The court reached this conclusion by finding that the agent undertook an obligation for the benefit of a third party, and therefore, the third party victim, as well as his subrogee, had a right of action against the agent if he was negligent in the fulfillment of this obligation. However, the First, Second, and Third Circuits have criticized the reasoning in Sturcke and expressly rejected the recognition of this right of action. See LeBouef v. Colony Insurance Co., 486 So.2d 760 (La.App. 1st Cir.1986), Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2d Cir.), writ denied, 446 So.2d 1223 (La.1984), Oliver, supra, and Clark, supra.
A review of the jurisprudence on this issue indicates that it is well settled that a third party victim does not have a right of action against the tortfeasor’s insurance agent. We conclude that the doctrine oí jurisprudence constante, which recognizes that a rule of law that has been accepted and applied in a long line of cases is entitled to great weight in subsequent decisions, is applicable in this ease. Johnson v. St. Paul Mercury Insurance Co., 256 La. 289, 236 So.2d 216 (1970), overruled on other grounds, Jagers v. Royal Indem. Co., 276 So.2d 309 (La.1973).

DECREE

For the foregoing reasons, the ruling of the trial court granting defendants’ Exception of No Right of Action and dismissing plaintiffs’ claims against Cormier and Farm Bureau is affirmed at plaintiffs-appellants’ costs.
AFFIRMED.

. The Motion for Summary Judgment and the Exception of No Cause of Action were then denied as moot.