1MAX N. TOBIAS, JR., Judge.
On 31 March 2001, the plaintiff, Henry J. Leviere, was rear-ended by a Mack truck driven by the defendant, Shawn Williams, and owned by Lillian Washington, a co-defendant. Mr. Williams was allegedly driving on behalf of L. Murphy Trucking Service, Inc. (“L. Murphy Trucking”) as an owner-operator.[1] Ms. Washington’s truck had been insured under a policy of liability insurance issued by Progressive Security Insurance Company (“Progressive”), and L. Murphy Trucking received a certificate of insurance for that policy from Progressive. On or about 15 October 1999, Progressive cancelled the policy for non-payment of premium by Ms. Washington. As evidenced by an affidavit executed by Mary Alice Fitzgerald, a representative of Progressive, the notice of cancellation was mailed to Ms. Washington, the named insured under the policy, on 4 October 1999 and the policy was cancelled effective 15 October 1999. The record shows that Ms. Washington received by check a refund of the unused *34 | ¡^portion of the premium from Progressive following the cancellation of the policy and negotiated the check and received the funds. The certificate of insurance issued by Progressive to L. Murphy Trucking for Ms. Washington is not a part of the record on appeal. Although it is suggested that the certificate of insurance evidencing coverage of Ms. Washington’s truck states that L. Murphy Trucking would receive notice of cancellation of Ms. Washington’s policy within ten days of the cancellation, the actual certificate relating to the policy in question has not been produced and is not part of the record.[2] In addition, Progressive has failed to attach to their motion for summary judgment an affidavit from one of their authorized representatives attesting that a certificate of insurance that would have been issued to L. Murphy Trucking on Ms. Washington’s policy would have been identical to those that they issued to other drivers/vehicle owners as noted above.
The plaintiff asserts that the trial court erred in granting Progressive’s motion for summary judgment on the grounds that Progressive failed to mail notice of the cancellation of Ms. Washington’s insurance to L. Murphy Trucking, which held the certificate of insurance. Progressive does not dispute that no notice was mailed to L. Murphy Trucking.
The plaintiff relies upon the holding in Johnson v. Deselle, 596 So.2d 261 (La.App. 3 Cir.1992), as support for his estoppel argument. In Johnson, a |3homeowner whose home was damaged by fire while being renovated, sued her homeowners’ insurer in its capacity as the home renovator’s insurer. After collecting on her homeowners’ insurance policy, Ms. Johnson looked to the renovator and its insurer to recover the difference between what her policy covered and what the repair costs totaled, as well as to recover general damages. The renovator, Deselle, had formed a partnership with a local contractor, and had been added to the contractor’s liability policy. Because the contractor and renovator were bidding on projects to renovate homes through the city of Alexandria’s HUD program, they were required to send the city a certificate of insurance evidencing liability insurance coverage of the partnership. By coincidence, both the plaintiff and the partnership were insured by State Farm Fire and Casualty Insurance Company (“State Farm”), although Deselle was never added as a named insured.
Prior to beginning renovations on the plaintiffs home, the renovator and contractor had a falling out and the contractor removed Deselle from its insurance policy, but did not inform either Deselle or the city of Alexandria that Deselle was no longer covered under the State Farm policy. Deselle was hired to perform the renovation work for the plaintiff while both he and the plaintiff were under the mistaken impression that he was an insured under the State Farm policy. The court held that (a) State Farm was estopped from denying coverage insofar as the city of Alexandria and the plaintiff detrimentally relied upon the existence of insurance coverage when they contracted with Deselle to perform the renovation work and D(b) *35 State Farm had not complied with the requirements of La. R.S. 22:636 with regard to cancellation of coverage.
Mr. Leviere argues that the trial court erred in granting Progressive’s motion for summary judgment on the grounds that the doctrine of estoppel should operate to prevent Progressive’s cancellation of the policy from taking effect. The plaintiff also asserts that the trial court erred in concluding that the plaintiff had no standing to assert the argument of estoppel in response to Progressive’s motion for summary judgment.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. Our de novo review requires that we determine whether the prevailing party has carried his, her, or its burden with appropriate evidence. La. C.C.P. arts. 966 and 967.
We find the trial court erred in granting Progressive’s motion for summary judgment, notwithstanding the argument of estoppel put forth by the plaintiff. It is |Knot disputed that the policy issued by Progressive was effectively cancelled pursuant to the requirements of La. R.S. 22:636.4, as established by Progressive in its motion for summary judgment. Thus, the cancellation of the policy can only be overturned on some other legal grounds. The plaintiff has argued that estoppel operates in this matter to effectively nullify the cancellation of the Progressive policy. However, we fail to see how the holding in Johnson, supra, supports the assertion that the plaintiff detrimentally relied upon Progressive to issue insurance to cover Shawn Williams as driver of the truck. As noted above, Progressive has failed to establish by appropriate evidence that the certificate of insurance issued by it to L. Murphy Trucking did not require them to notify L. Murphy Trucking that Ms. Washington’s insurance had been cancelled for nonpayment.
Additionally, in Johnson, the coverage issue revolved around whether La. R.S. 22:636 applied to the alleged insured or whether the terms of the policy effectively estopped State Farm from denying coverage to Deselle, in light of the fact that he himself was never notified that he had been removed from the policy. The case at bar is distinguishable from Johnson, for no dispute exists that the policy in question was validly cancelled pursuant to the statutory requirements set forth by the Louisiana legislature. We do not know, however, whether the certificate of insurance issued to L. Murphy Trucking evidencing coverage required Progressive to notify L. Murphy Trucking of cancellation of Ms. Washington’s policy. We note that neither La. R.S. 22:636.4 nor the policy required notification to L. Murphy Trucking. Although we note no direct evidence |fiin the record that Mr. Williams was indeed working for L. Murphy Trucking at the time of the accident, there still remains a genuine issue of material fact as to whether he was indeed working for L. Murphy Trucking at the time of the accident.
*36 Mr. Leviere has raised as an assignment of error that the trial court erred in determining that he did not have standing to assert an estoppel argument. No mention is made of such a finding in the judgment or documented in the record, but for the purposes of this appeal we will presume that the trial court so concluded. We note that the current law in this circuit is found in Sturcke v. Clark, 261 So.2d 717 (La.App. 4 Cir.1972).[3] In Sturcke, a defendant driver involved in an automobile accident had paid his insurer, Carver General Insurance Company, a premium for both collision and liability insurance. Due to a clerical error, Carver failed to issue a liability policy to the driver. The plaintiffs insurer filed a third party action against Carver to enforce the contract for liability insurance as a third party beneficiary to the policy. The court noted that although Carver was not an insurer liable to the plaintiff under R.S. 22:655, “it did undertake an obligation for the benefit of third parties like plaintiff, La. C.C. art. 1890,[4] and plaintiff therefore had a right of action. ...” Id. at 721. Thus, the law of this circuit supports a cause of action to enforce insurance contracts by third party beneficiaries to those contracts. La. R.S. 22:655 establishes that an injured party is a third party beneficiary to an insurance policy. The plaintiff therefore has a right of action against Progressive and may proceed against Progressive to determine whether the policy was effectively can-celled and whether any coverage for Shawn Williams existed at the time of the accident.
For the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.

REVERSED AND REMANDED.

McKAY, J., dissents with reasons.

. Although the plaintiff asserts that Mr. Williams was driving for L. Murphy Trucking at the time of the accident, L. Murphy Trucking has filed its own motion for summary judgment arguing that Mr. Williams was on a personal errand at the time of the accident. We note that Mr. Williams has not contested this assertion.

. The plaintiff has attached to his appeal copies of certificates of insurance held by L. Murphy Trucking evidencing coverage provided by Progressive to other drivers/vehicle owners. The certificates state, in pertinent part, that "should any of the described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail ten days written notice to the certificate holder named to the left, but failure to mail such notice shall impose no obligation or liability of any kind upon the company, its agents or representatives.” L. Murphy Trucking is the certificate holder named to the "left” on the certificates.

. Sturcke is the law in this circuit and we are bound by it. We note that other Louisiana courts have declined to follow the holding. Tu v. Guidry, 653 So.2d 1 (La.App. 3 Cir.1995); Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2 Cir.1984); LeBouef v. Colony Ins. Co., 486 So.2d 760 (La.App. 1 Cir.1986); Oliver v. Natchitoches Air Center, 506 So.2d 558 (La.App. 3 Cir.1987).

. La. C.C. art. 1890, as a result of the revision of the Civil Code, is now contained in La. C.C. art. 1978.