# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-208

CROWDED CABIN, L.L.C

VERSUS

TKLL HEBERT, L.L.C, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-1379-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, James T. Genovese, Shannon J. Gremillion, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Bruce A. Gaudin**
**Attorney at Law**
**100 W. Bellevue St.**
**Opelousas, LA 70570**
**(337) 948-3818**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
     **Lynwood R. Hebert**
     **Elsie Stelly Hebert**

**Robert Luke Bordelon, Jr.**
**Bordelon Law Firm**
**Post Office Drawer 451**
**Opelousas, LA 70571**
**(337) 594-8181**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
     **Crowded Cabin, L.L.C**

**TKLL Hebert, L.L.C**
**TKLL Hebert/Lynwood A. Hebert**
**230 Lee Garland Drive**
**Opelousas, LA 70570**
**(337) 945-9494**
**PRO SE:**
     **TKLL Hebert, L.L.C**

**Lynwood A. Hebert**
**230 Lee Garland Drive**
**Opelousas, LA 70570**
**(337) 945-9494**
**PRO SE:**
     **Lynwood A. Hebert**

**GREMILLION, Judge**.

By contract between the plaintiff-respondent, Crowded Cabin, L.L.C., and the defendants, TKLL Hebert, L.L.C. and Lynwood A. Hebert, Crowded Cabin was given the exclusive right to place and operate video poker devices in an appropriate location with necessary electrical outlets to be furnished by the defendants. Crowded Cabin paid $6,000.00 in advance to the defendants as provided in the agreement.

Crowded Cabin filed suit for breach of contract after the defendants failed to provide the necessary location for the video poker devices and after notifying Crowded Cabin they no longer desired to do business. Crowded Cabin sought to recover the $6,000.00 and the loss of income it expected to earn from the devices. In the defendants' answer, they admitted to receiving $6,000.00, but alleged that the contract is invalid for a number of reasons.

Thereafter, Crowded Cabin filed an amending and supplemental petition wherein it named as new defendants Lynwood R. Hebert and Elsie Stelly Hebert (relators), who are the parents of Lynwood A. Hebert. The petition alleged that the relators are the owners of the immovable property that is the subject of the agreement between Crowded Cabin and the defendants. Crowded Cabin further alleges that the relators were aware of the contract and consented to the use and renovation of the building by the defendants for the purpose of the contract. Additionally, Crowded Cabin alleged that the original defendants used the $6,000.00 to make improvements to the relators' immovable property. Crowded Cabin prayed that if it does not prevail in its breach of contract claim, or if the defendants did not pay due to bankruptcy, the relators should reimburse it under the theory of unjust enrichment.

The relators filed an exception of no cause of action, seeking dismissal of the action against them. The trial court denied the exception, and the relators have filed a writ asking this court to review that ruling. After reviewing the initial briefing from the parties, this court found the issues warranted additional consideration and called up this supervisory writ for full oral argument.

**ON THE MERITS**

The relators argue that they were not a party to the agreement between Crowded Cabin and the defendants, TKLL Hebert, L.L.C. and Lynwood A. Hebert; thus, there was no privity of contract between the relators and Crowded Cabin. Additionally, the relators, citing *Treen Construction Co., Inc. v. Schott*, 03-1232 (La.App. 5 Cir. 1/27/04), 866 So.2d 950, urge that for unjust enrichment to apply, five elements must be present:

1. Enrichment of one party,

2. Impoverishment of the other party,

3. A rational connection between the enrichment and the impoverishment,

4. Lack of justification for the enrichment, and

5. The absence of any other legal remedy.

The relators assert that there exist many cases wherein a plaintiff has relied on the theory of unjust enrichment to recover damages from a third party who was a party to contract with the plaintiff. In all of these cases, the test set forth in *Treen* was applied and, the plaintiff lost when another remedy was available.

In support of their argument, the relators also cite this court's opinion in *Garber v. Badon & Ranier*, 07-1497 (La.App. 3 Cir. 4/2/08), 981 So.2d 92, *writ denied*, 08-1154 (La. 9/19/08), 992 So.2d 943, wherein the plaintiff, a former

member of the defendant law firm, filed a claim of unjust enrichment against the defendant for fees allegedly due him. The defendant filed an exception of no cause of action. With regard to the exception, the court looked to La.Civ.Code art. 2298, which reads:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
>
> The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
>
> The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

The court analyzed the case for the elements of an unjust enrichment claim and observed that the plaintiff provided no argument on the issue other than reciting the elements of such claims. Because the plaintiff lost on the partnership, joint venture, and detrimental reliance causes of action, he maintained that he no longer had other remedies. This court concluded, however, that the success or failure of other causes of action is not considered in determining whether a claim for unjust enrichment applies. Instead, the existence of other causes of action is the determining factor.

Crowded Cabin argued that it met the requirements to pursue a claim of unjust enrichment against the relators. In support of its argument, Crowded Cabin referred to *Matheny v. Greer*, 95-1341 (La.App. 1 Cir. 2/23/96), 668 So.2d 1359, *writ denied*, 96-737 (La. 5/10/96), 672 So.2d 923, in which the plaintiffs' original petition sought the rescission of a sale or, alternatively, a reduction in the purchase

3

price of the home purchased in the amount needed to repair the defects. Four trusts were named as defendants as well as the trustee and four individual trust beneficiaries. The beneficiaries filed exceptions of no cause of action because the trustee of the trusts was the proper defendant.

In an amending petition, the plaintiffs alleged that the purchase price of the home was the only property of the trusts and had been distributed entirely to the beneficiaries. As such, there was no cause or legal justification for the enrichment of the beneficiaries at the plaintiffs' expense, and there was no other remedy to recover the damages. The trial court granted the beneficiaries' exception of no cause of action, finding that the proper party defendant was the trustee of the trust. Like *Garber,* the appeal turned on whether the plaintiff had any other remedy apart from unjust enrichment. The first circuit wrote:

> Although plaintiffs technically have a legal remedy against the trusts, they allege the only trust property was the house and that the sale proceeds thereof have been disbursed to the beneficiaries, leaving plaintiffs with no real remedy to recover their damages. Since these allegations must be accepted as true for purposes of considering an exception of no cause of action, we believe they sufficiently state a cause of action for unjust enrichment.

*Id.* at 1362.

We find this situation much more analogous to *Garber*. Crowded Cabin has a remedy against the party with whom the contract was entered. Crowded Cabins' success or failure in the pursuit of that remedy is of no moment. What matters is that the remedy is real, not merely technical. We, therefore, rule that the trial court erred in overruling the relators' exception of no cause of action.

The relators' writ is granted and made peremptory. Relators' exception of no cause of action is sustained, and they are dismissed from this action.

**WRIT GRANTED AND MADE PEREMPTORY**.