# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 23-527

**DEWAYNE DOUGLAS DOWD, SR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CORA LEE DOWD (DECEASED)**

**VERSUS**

**HELENA EMERGENCY PHYSICIANS, PPLC, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20212719
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHARON DARVILLE WILSON**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Kriste T. Utley**
**Ross A. Ledet**
**BOYKIN & UTLEY**
**400 Poydras Street, Suite 1540**
**New Orleans, LA  70130**
**(504) 527-5450**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Dewayne Douglas Dowd, Sr., Administrator of the Estate of**
    **Cora Lee Dowd**
    **Dewayne Douglas Dowd, Sr.**

**Gary McGoffin**
**John S. Cook**
**DURIO, MCGOFFIN, STAGG & GUIDRY**
**220 Heymann Blvd.**
**Lafayette, LA 70503**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Hospital Physician Partners, Inc.**
    **The Schumacher Group of Delaware**

**Nicholas Sigur**
**GACHASSIN LAW FIRM**
**400 East Kaliste Saloom Road, Suite 6100**
**Lafayette, LA 70508**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **The Schumacher Group of Louisiana, Inc.**

**James H. Gibson**
**Stacy N. Kennedy**
**GIBSON LAW PARTNERS, LLC**
**2448 Johnston Street**
**Lafayette, LA 70503**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **TSG Resources, Inc.**

**Cliff A. LaCour**
**NEUNERPATE**
**1001 West Pinhook Road, Suite 200**
**Lafayette, LA  70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Helena Emergency Physicians, PLLC**

**WILSON, Judge.**

Plaintiff, Dewayne Douglas Dowd, Sr., appeals the judgment of the trial court granting Defendants', Helena Emergency Physicians, PLLC (HEP), Hospital Physician Partners, Inc. (HPP), The Schumacher Group of Louisiana, TSG Resources, Inc., and The Schumacher Group of Delaware, exceptions of no right of action and no cause of action. For the reasons expressed below, we affirm the judgment of the trial court.

I.

## ISSUES

In this appeal we must decide:

(1)     whether the trial court erred in holding that Plaintiff/Appellant had no right of action to assert a third-party beneficiary claim against Appellees; and

(2)     whether the trial court erred in holding that Plaintiff/Appellant failed to state a cause of action for damage against Appellees for a claim of unjust enrichment under Civil Code article 2298.

II.

## FACTS AND PROCEDURAL HISTORY

This appeal stems from an Arkansas medical malpractice case. In September 2009, Dr. Arthur Levy entered into a Physician Independent Contractor Agreement (2009 agreement) with HEP to provide medical services as an independent contractor in the Emergency Department of Helena Regional Medical Center in Helena, Arkansas. Under that contract, HEP was obligated to provide Dr. Levy with malpractice insurance. HEP procured a policy for Dr. Levy with Oceanus. In October 2010, Cora Lee Dowd was negligently treated by Dr. Levy at Helena Regional Medical Center, resulting in her death. In 2012, her husband, Mr. Dowd,

filed a medical malpractice suit individually, and on behalf of Mrs. Dowd's estate, against Dr. Levy and various other defendants in Arkansas state court. In June 2016, the Arkansas court found Dr. Levy 100% at fault and entered judgment against Dr. Levy and in favor of Plaintiff for over $2.8 million.

On November 7, 2016, Dr. Levy filed for bankruptcy in the Western District of Tennessee. Dr. Levy obtained an order of discharge on October 31, 2017. In September 2017, Oceanus, Dr. Levy's insurer, filed for liquidation in South Carolina. In October 2017, Mr. Dowd submitted a proof of claim in the Oceanus liquidation. Mr. Dowd has never collected on his judgment.

On May 25, 2021, Mr. Dowd, individually and as administrator of Mrs. Dowd's estate, filed suit against Defendants under a single business enterprise theory seeking to make the Arkansas judgment executory in Louisiana against Defendants. In response, Defendants filed various exceptions of no cause of action, prescription, failure to join necessary parties, vagueness, and collateral attack on the bankruptcy judgment.

After conducting a hearing, the trial court granted Defendants' exception of collateral attack on the bankruptcy judgment and dismissed Mr. Dowd's request for declaratory relief as well as the demand to execute the Arkansas judgment. Additionally, the trial court granted Defendants' exception of prescription regarding Mr. Dowd's alleged claims of fraud. Each claim was dismissed except for the breach of contract claim. The court sustained the exception of vagueness and instructed Mr. Dowd to amend his pleadings. Mr. Dowd appealed the judgment and this court affirmed. *Dowd v. Helena Emergency Physicians, PLLC*, 22-349 (La.App. 3 Cir. 12/29/22), 354 So.3d 751, *writ granted*, 23-132 (La. 4/25/23), 359 So.3d 969. The Louisiana Supreme Court reversed the judgment sustaining the exception of prescription and dismissing Mr. Dowd's claims and

remanded. *Dowd v. Helena Emergency Physicians, PLLC*, 23-132 (La. 4/25/23), 359 So.3d 969.

On February 22, 2022, Mr. Dowd filed his First Supplemental Petition elaborating on his breach of contract claim and adding a claim for unjust enrichment. TSG filed exceptions of no right of action, no cause of action and prescription to the First Supplemental Petition. HEP filed exceptions of no right of action and no cause of action.

On June 16, 2022, Mr. Dowd filed a Second Supplemental Petition adding two insurers, Hudson Insurance Company and/or Hudson Excess Insurance Company and American Safety Indemnity Company, and asserted that Louisiana and Arkansas law grant him the right of direct action. TSG and HEP filed exceptions of no cause of action and no right of action to the Second Supplemental Petition, which were also adopted by The Schumacher Group of Louisiana, Inc., The Schumacher Group of Delaware, Inc., and HPP. The exceptions were heard on October 31, 2022. The trial court sustained the exceptions of no right of action and no cause of action and dismissed Defendants with prejudice. The Judgment was signed on December 20, 2022. Mr. Dowd now appeals.

III.

## STANDARD OF REVIEW

As it raises a question of law, it is well-settled that appellate courts review a no cause of action de novo. *Aycock v. Chicola*, 09-563 (La.App. 3 Cir. 12/16/09), 27 So.3d 1005. Similarly, because it also involves a question of law, the trial court's granting of an exception of no right of action is subject to de novo review. *Bennett v. Porter*, 10-1088 (La.App. 3 Cir. 3/9/11), 58 So.3d 663.

3

IV.

## LAW AND DISCUSSION

**No Right of Action**

In his first assignment of error, Mr. Dowd asserts that the trial court erred in sustaining the Defendants' exception of no right of action to assert a third-party beneficiary claim against Defendants.

Our law provides that "an action can be brought only by a person having a real and actual interest which he asserts." La.Code Civ.P. art. 681. When a plaintiff lacks this real and actual interest, an objection of no right of action may be raised by peremptory exception. La.Code. Civ.P. art. 927. The exception of no right of action is a threshold device which questions whether the litigant has any interest in judicially enforcing the right asserted. *Trahan v. McManus*, 94-167 (La.App. 3 Cir. 3/22/95), 653 So.2d 89, *writ denied*, 95-1018 (La. 6/2/95), 654 So.2d 1112. "In other words, can the legal remedy afforded by law be invoked by this particular plaintiff?" *Id*. at 91. In determining whether a plaintiff has a legal interest, the court is not limited to the petition, and evidence is admissible to show whether the plaintiff has the right he claims. *Rhyne v. OMNI Energy Servs. Corp.*, 14-711 (La.App. 3 Cir. 12/10/14), 155 So.3d 155.

In the instant case, Mr. Dowd is asserting a breach of contract claim against Defendants for their alleged failure to provide Dr. Levy with malpractice insurance as required under the 2009 agreement. Ordinarily, contracts are only binding between the parties to the contract, and no duty is owed to non-contracting parties by the contracting parties. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 05-2364 (La. 10/15/06), 939 So.2d 1206. Neither Mr. Dowd nor any of the named defendants were a party to the 2009 agreement between Dr. Levy and HEP.

4

Section 16.9 of the agreement provided that the contract "shall be binding on the parties hereto and their respective successors and assigns[.]" Mr. Dowd asserts that in 2015, Schumacher of Louisiana, TSG, and Schumacher of Delaware merged or acquired HPP and HEP. As such, they are successors in interest of HEP and HPP and are obligated under the 2009 agreement. Mr. Dowd contends that he is a third-party beneficiary to the 2009 agreement between Dr. Levy and HEP and, therefore, he has a right of action in breach of contract against Defendants.

The contract at issue was signed in Arkansas with an Arkansas entity and a doctor working in an Arkansas Hospital. The terms of the contract specifically state that Arkansas law is to apply. Under Arkansas law, "a contract is actionable by a third party when there is substantial evidence of a clear intention to benefit that third party." *Little Rock Wastewater Util. v. Larry Moyer Trucking,* 902 S.W.2d 760, 763 (1995). In the instant case, the contract did not evidence a clear intention of benefiting a third party. In fact, Section 16.9 of the 2009 agreement states, in pertinent part, "[n]othing in this Agreement shall be construed to create any rights or obligations except among the parties hereto." From the very language of the contract, the parties had a clear intention not to benefit a third party.

Even if Arkansas law were not applicable, Louisiana law on the issue would render the same result. Louisiana Civil Code Article 1978 provides that, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement." Our jurisprudence has revealed three criteria for determining whether contracting parties have provided a benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the

5

contract between the promisor and the promisee." *Joseph,* 939 So.2d at 1212. In the contract at issue, it is manifestly clear that there is no stipulation for a third party as the parties specifically denied any such benefit. Accordingly, Mr. Dowd is not a third-party beneficiary to the contract.

Mr. Dowd also contends that he has a right of action under the Louisiana and Arkansas Direct Action Statutes. His reliance on these statues is misguided. Although Mr. Dowd references various insurance policies in his petition, his claim is for the alleged breach of the 2009 agreement. The Direct Action Statutes of either state are simply inapplicable.

The Arkansas Direct Action Statute, Ark. Code Ann. § 23-79-210, is limited to liability insurance carried by a "cooperative nonprofit corporation, association, or organization, or by any municipality, agency, or subdivision of a municipality, or of the state, or by any improvement district or school district, or by any other organization or association of any kind or character and not subject to suit for tort[.]" Mr. Dowd has not alleged, nor does the record establish, that the Defendants fall within this category, thus the statute does not apply.

The Louisiana Direct Action Statute, La.R.S. 22:1269, provides a right of action against the insurer based on a policy of insurance. Mr. Dowd is alleging a breach of the 2009 agreement; however, that contract is not an insurance policy. Section 11 of the 2009 agreement provides:

> Company shall procure on behalf of Physician, and Company and Physician shall keep in force at all times during the Term of this Agreement, medical professional liability (malpractice) insurance in such form and with such limits as meets the requirements of Hospital and Company. Currently, such insurance is in the minimum amount of $1 million per occurrence and $3 million in the aggregate, on behalf of Physician. Furthermore, the Company shall provide a policy or an extended reporting endorsement ("tail") coverage insuring such Physician against any and all liability for negligent acts, omissions

6

or other wrongful conduct constituting medical malpractice occurring at any time during the term of his/her engagement with the Company for emergency medical services pursuant to this Agreement. In order to assure compliance with the contract between Company and the Hospital and to allow the Company to procure medical professional liability insurance for Physician, insurance may be procured through an approved purchasing group associated with Company that has been formed to acquire group medical professional liability insurance for physicians rendering services pursuant to contracts with Company or its affiliates. Company, on behalf of Physician, shall ensure that the premium is paid to the insurer. Physician further agrees that if the Hospital is in a state with a patient compensation fund or similar program, then Physician will enroll in, comply with and participate in such fund or program upon request of the Hospital or Company.

The 2009 agreement obligated HEP to procure and provide Dr. Levy with a policy of insurance for which it would pay the premiums. It was not obligating itself to provide coverage for Dr. Levy. Thus, the 2009 agreement does not constitute an insurance policy and the Direct Action Statue does not apply. Even if the agreement could be construed as an insurance policy, La.R.S. 22:1269(B)(2) requires that either the injury occurred within the state of Louisiana, or the policy of insurance was written or delivered in the state. The agreement was written and delivered in Arkansas. Moreover, the injury undoubtedly occurred in Arkansas. Thus, neither the Direct Action Statute of Arkansas nor Louisiana gives Mr. Dowd a right of action for breach of contract in the instant matter.

In support of his argument, Mr. Dowd cites *Litton v. Ford Motor Co.*, 554 So.2d 99 (La.App. 2 Cir. 1989), *writ denied*, 559 So.2d 1353 (La.1990), and *Tapia v. Ham*, 480 So.2d 855 (La.App. 2 Cir. 1985), *writ denied*, 484 So.2d 138 (La.1986). Those cases involved contracts where Ford agreed to provide an excess liability coverage to protect "the company, licensee, any other persons having an interest in the vehicle if he so desires, and any person 21 years of age or older driving

7

the vehicle with valid permission." *Litton*, 554 So.2d at 102. The court in those cases held the plaintiffs were third party beneficiaries because Ford had agreed to provide coverage to drivers of the vehicle. The court noted in *Litton* that,

> There is a distinct difference between the obligation of an insurance agent to procure an insurance policy for a client and the obligation undertaken by Ford here to provide liability insurance coverage not only to its licensee but also to the daily rental customers. An agent does not agree to provide coverage, but only agrees to provide the service of obtaining a policy from an insurance company. Here, Ford agreed to provide the coverage.

*Id*. at 103.

Looking at the 2009 agreement, HEP agreed to procure a policy for Dr. Levy not to provide coverage itself. The obligation of HEP appears more in line with that of an agent procuring insurance than an insurer providing coverage. It fulfilled this obligation by procuring a policy with Oceanus. "[T]his circuit has consistently held that a plaintiff does not have a right of action against the tortfeasor's insurance agent for negligence in connection with his procuring insurance coverage for the tortfeasor." *Tu v. Guidry*, 94-1168, 94-1170 p. 3 (La.App. 3 Cir. 3/1/95), 653 So.2d 1, 2, *writ denied*, 95-1510 (La. 9/22/95), 660 So.2d 485.

Mr. Dowd had no right of action for breach of contract as a third-party beneficiary or under the Louisiana and Arkansas Direct Action Statutes. The trial court did not err in sustaining the exception and this assignment lacks merit.

**No Cause of Action**

In his second assignment of error, Mr. Dowd contends that the trial court erred in holding that Mr. Dowd failed to state a cause of action for damages against Defendants for a claim of unjust enrichment under La.Civ Code art. 2298. An exception of no cause of action is utilized to determine the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in

the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. "Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *Everything on Wheels Subaru, Inc.,* 616 So.2d at 1235.

Louisiana Civil Code Article 2298 provides:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
>
> The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
>
> The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

The Louisiana Supreme Court recently addressed the remedy of unjust enrichment and noted,

> As a "subsidiary" remedy under the plain language of the statute, unjust enrichment is "only applicable to fill a gap in the law where no express remedy is provided." *Walters v. MedSouth Rec. Mgmt., LLC*, 2010-0351 (La. 6/4/10), 38 So. 3d 245, 246. Before the enactment of Article 2298, which codified existing jurisprudence, this Court set forth five requirements for proving unjust enrichment: "1) an enrichment on the part of the defendant; 2) an impoverishment on the part of the plaintiff; 3) a causal relationship between the enrichment and the impoverishment; 4) an absence of justification or cause for the enrichment or impoverishment; and 5) no other remedy at law." *Carriere v. Bank of Louisiana*, 95-3058,

9

p. 17 (La. 12/13/96), 702 So. 2d 648, 651 (citations omitted).

*Hidden Grove, LLC v. Brauns*, 22-757, p. 4 (La. 1/27/23), 356 So.3d 974, 977.

In his petition, Mr. Dowd claims that the Defendants were enriched by their failure to fund Oceanus and their failure to pay the 2016 judgment against Dr. Levy. This caused Mr. Dowd to be impoverished by going without payment of the judgment. Defendants argue that Mr. Dowd failed to meet the fifth element. When analyzing the fifth factor, "the success or failure of other causes of action is not considered in determining whether a claim for unjust enrichment applies. Instead, the existence of other causes of action is the determining factor." *Crowded Cabin, L.L.C. v. TKLL Hebert, L.L.C.*, 13-208, p. 3 (La.App. 3 Cir. 10/30/13), 126 So.3d 826, 828. Thus, a plaintiff cannot state a claim for unjust enrichment if he had a remedy under any other legal theory, even where the true remedy is barred by prescription. *Jim Walter Homes, Inc. v. Jessen*, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699. Additionally, "[t]he existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup your impoverishment by bringing an action against a solvent person. It merely connotes the ability to bring the action or seek the remedy." *Carriere v. Bank of La*, 95-3058, p. 19 (La. 12/13/96), 702 So.2d 648, 672 *(on rehearing)*(internal emphasis omitted).

Defendants argue that Mr. Dowd had other remedies. Mr. Dowd's contention that Defendants intentionally underfunded Oceanus is the same as the fraud claim asserted in the first petition. Although this court had ruled that the claim was prescribed, the Louisiana Supreme Court reversed the ruling. Thus, Mr. Dowd has a remedy at law and, therefore, failed to meet the fifth element for unjust enrichment. Moreover, Mr. Dowd alleges that Defendants are solidarily or vicariously liable for Dr. Levy's malpractice, thus, they are responsible for the

judgment. However, despite knowing of Dr. Levy's connection to Defendants, Mr. Dowd failed to pursue a tort remedy against them in the Arkansas action and now such claims are prescribed. Mr. Dowd can also bring an action against Oceanus to collect the judgement, and he has filed a claim against them in the liquidation. Therefore, the trial court correctly sustained the exception of no cause of action, and this assignment of error lacks merit.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Dewayne Douglas Dowd, Sr.

**AFFIRMED.**

11