# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JAMES V. CHAPMAN AND WANDA
D. CHAPMAN

VERSUS

DIGGS TRANSPORTATION, LLC,
ET AL.

NO.  2025 CW 0264
PAGE 1 OF 2

DECEMBER 2, 2025

---

In Re:  4th Sector Solutions, Inc., applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 685723.

---

BEFORE:  THERIOT, HESTER, AND EDWARDS, JJ.

WRIT GRANTED. The trial court's November 18, 2024 judgment, which denied the motion for summary judgment filed by defendant, 4th Sector Solutions, Inc. ("4th Sector"), is reversed. A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. **Meany v. Meany,** 94-0251 (La. 7/5/94), 639 So.2d 229, 233. This issue is a legal question for the court to decide. **Id.** In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. **Daniels v. USAgencies Cas. Ins. Co.,** 2011-1357 (La. App. 1st Cir. 5/3/12), 92 So.3d 1049, 1055. When no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment. **Id.**

In opposition to 4th Sector's motion for summary judgment, plaintiffs asserted that 4th Sector owed a duty to plaintiffs to verify that bus transportation bidders had valid liability insurance as required by state law to transport schoolchildren. We find that 4th Sector acted as an agent to procure bidding proposals for the defendant charter schools, and 4th Sector did not select or negotiate the terms of the resulting contract. The agent's duty to use due care in procurement of services for a client arises from the agreement between them and does not encompass the risk of harm to the third-party victim who seeks to proceed directly against the agent based on a claim that the agent failed in his duty to secure proper services. See **Huffman v. Goodman,** 33,647 (La. App. 2d Cir. 8/23/00), 766 So.2d 651, 654; See also **Campbell v. Continental-Emsco Co.,** 445 So.2d 70, 72 (La. App. 2d Cir.), writ denied, 446 So.2d 1223 (La.1984). Moreover, 4th Sector did not procure the bus transportation service, itself, only proposals for that service on behalf of its client(s), GEO Academies and/or GEO Prep Academy of Greater Baton Rouge and GEO Prep Mid-City. 4th Sector's client additionally approved the request for proposals, which required "evidence of insurance or insurability". 4th Sector's obligation was owed directly to its client. See **Id.** It is our view that the client's duty to procure a bus transportation vendor with valid liability insurance coverage pursuant to state law does not extend to 4th Sector. Accordingly, the motion for summary judgment is granted, and the claims of plaintiffs, James

V. Chapman and Wanda D. Chapman, against defendant, 4th Sector Solutions, Inc., are dismissed with prejudice.

**MRT**
**CHH**
**BDE**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT